1

2                        UNITED STATES DISTRICT COURT

3                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                OAKLAND DIVISION

5

6   EDGARDO RODRIGUEZ,                        Case No:  C 11-0935 SBA

7                  Petitioner,                **ORDER DENYING MOTION FOR
                                              APPOINTMENT OF COUNSEL**
8            vs.
                                              Dkt. 13
9   R.T.C. GROUNDS, Warden,

10                 Respondent.

11

12          Following a jury trial in the Alameda County Superior Court, Petitioner Edgardo

13   Rodriguez was convicted of first degree murder, as well as related offenses, special

14   circumstances, and enhancement allegations.  He was sentenced to life without the

15   possibility of parole and currently is incarcerated at the Salinas Valley State Prison.

16   Pursuant to 28 U.S.C. § 2254, Attorney Paul Kleven filed a Petition for Writ of Habeas

17   Corpus on behalf of Petitioner.  Dkt. 1.  Petitioner has now filed a motion to have Mr.

18   Kleven or another attorney appointed by the Court to represent him in this action.  Dkt. 13.

19          Under 18 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel to represent

20   a habeas petitioner whenever "the court determines that the interests of justice so require,"

21   and the petitioner is financially unable to obtain representation.  There is, however, no right

22   to have counsel appointed in habeas cases brought under 28 U.S.C. § 2254 unless an

23   evidentiary hearing is required.  See Terravona v. Kincheloe, 852 F.2d 424, 429 (9th Cir.

24   1988).  The decision to appoint counsel is within the discretion of the district court, see

25   Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), and should be granted only when

26   exceptional circumstances are present.  See generally 1 J. Liebman & R. Hertz, Federal

27   Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed.1994).

28

In the instant case, Petitioner contends that the appointment of counsel is warranted on the ground that the issues presented are "complex." Petitioner does not explain how his claims are more complex than a typical habeas action. To the contrary, Petitioner's due process claims based on instructional error and errors regarding the admission of evidence and testimony are commonplace in habeas actions. Moreover, there is no showing that Petitioner's claims have merit or that he is unable to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Nor is there any indication that an evidentiary hearing is necessary to resolve the claims alleged in the Petition. Accordingly,

IT IS HEREBY ORDERED THAT Petitioner's motion for appointment of counsel is DENIED. As Mr. Kleven has filed papers on behalf of Petitioner, the Court will consider him to be Petitioner's counsel of record for this action, either pro bono or at Petitioner's expense. If Mr. Kleven does not wish to be counsel of record, he may, of course, file a motion to withdraw as counsel.

IT IS SO ORDERED.

Dated: July 22, 2014

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge